IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DALE E. WENTZ,

      Plaintiff,

      v.

UNITED PARCEL SERVICES, INC.,
an Ohio Corporation.

      Defendant.

Civil No. 05-6393-TC

O R D E R

COFFIN, Magistrate Judge:

Presently before the court is defendant's motion (#18) for summary judgment and plaintiff's motion (#26) to strike and in limine.

### Standard for Motion for Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Id. at 32. There is also no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355 (1986); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).

On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976). The inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Insurance Co. of North America, 638 F.2d 136, 140 (9th Cir. 1981).

## Discussion

Upon consideration of all of the written materials and arguments, and for the reasons stated on the record at oral argument, the motions are denied.

There is a genuine issue of material fact present in this action. Even if there were not manifest factual issues present, it would be better to proceed to a full trial on the claims because in the circumstances of this case a fuller record will afford a more substantial basis for decision. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Anderson v. Hodel, 899 F.2d 766, 770-771 (9th Cir. 1990).

## Conclusion

Defendant's motion (#18) for summary judgment and plaintiff's motion (#26) to strike and in limine. are denied.

DATED this ___23___ day of April, 2007.

_____
THOMAS M. COFFIN
United States Magistrate Judge

3 - ORDER